COX, J.
*1287 This appeal arises out of the Office of Workers' Compensation, District 1-East, Ouachita Parish, Louisiana. Richard McDonald ("Mr. McDonald") was injured while working for the City of Bastrop ("City"). The matter went to trial on the sole issue of whether Mr. McDonald had retired from the workforce. The Office of Workers' Compensation (OWC) court found Mr. McDonald had not retired. The City now appeals. For the reasons outlined below, the OWC court's judgment is affirmed.
FACTS
Mr. McDonald was employed by the City as a fire captain. Mr. McDonald was injured in an accident on April 21, 2013, at a house fire in Bastrop, Louisiana. He stated he was pulling a fire hose over his shoulder and the hose got caught up and jerked his shoulder, injuring his neck and shoulder. Mr. McDonald stated that after the accident, he reported his injury, sought medical treatment, and was referred to Dr. Carlton Greer, a neurosurgeon in Monroe, Louisiana. Dr. Greer's treatment included neck surgery.
When Mr. McDonald was released back to work, he was restricted to lifting no more than 50 pounds, which was later reduced to 25 pounds. Mr. McDonald began receiving workers' compensation benefits in September of 2013. On September 26, 2016, Mr. McDonald filled out a disputed claim for compensation, Form 1008, against the City. He stated on his 1008 Form that his supplemental earnings benefits ("SEBs") were wrongfully discontinued based on a false claim of retirement/voluntary withdrawal from the workforce.
On September 7, 2017, the matter went to trial in OWC court. Mr. McDonald testified that he was told by the fire chief that there was no work for him to do within his restrictions and that retirement was his only option. Mr. McDonald had enough time with the City to retire, but planned to fully participate in the DROP program. He participated in DROP for about two months before retiring.
Alice Bond assisted Mr. McDonald in finding another job. Mr. McDonald applied to work at the Fire Marshal's office, a dispatcher position for a trucking company, and a few other employment listings Ms. Bond provided to him. He stated he did not apply to the jobs at fast food restaurants. Mr. McDonald was not hired by any of these employers. Mr. McDonald stated that based on these employment applications, his SEBs were reduced to an earning capacity of $10.20 per hour, which was about a 50 percent reduction. He received his reduced SEBs from January 6, 2016, until September 2016. Mr. McDonald received a letter stating he was no longer eligible for his SEBs because of retirement/voluntary withdrawal from the work force.
Mr. McDonald testified that before his injury, he did not plan to retire immediately, but to participate in DROP. He said he would have liked to continue to work and intended to keep working somewhere. He said his retirement was due to the surgery and lifting limitations. Mr. McDonald stated that he did not contact Ms. Bond for more employment opportunities and has not applied to other jobs. Mr. McDonald testified that he still has severe neck pain, headaches, pain in his shoulders, numbness, problems sleeping, and trouble driving, especially looking behind himself. Mr. McDonald still deer hunts, sometimes two or three times a week. He is also still able to fish and launch his own boat.
Mr. McDonald said that Dr. Greer retired and he began seeing Dr. Cain. Dr. Cain told Mr. McDonald that he had degenerative *1288 disk disease in his neck and it will only get worse as he gets older. Dr. Cain also told him that he needed to "learn to live with it."
Della Hildebrand, an adjuster with Risk Management, Inc., testified that Mr. McDonald received temporary, total disability benefits from May 21, 2013, to August 16, 2015, and SEBs from August 27, 2015, to August 11, 2016.
On January 28, 2018, the OWC court signed the judgment in favor of Mr. McDonald and against the City. The OWC court ordered the City to pay Mr. McDonald $1,303.76 per month beginning August 11, 2016, and continue paying in accordance with the law. Mr. McDonald's claims for penalties and attorney fees were denied because the court found the termination of SEBs was not arbitrary and capricious. In oral reasons, the OWC court stated, "jurisprudence has held unemployment caused solely by an employment injury is not considered 'retirement' for purposes of terminating supplemental earnings benefits." In finding that the discontinuance of benefits was not arbitrary and capricious, the court stated, "segments of his responses to vocational rehabilitation efforts caused this court to question his intent." The City now appeals.
DISCUSSION
The City's sole assignment of error is that the OWC court erred by finding Mr. McDonald had not retired within the meaning of La. R.S. 23:1221(3)(d)(iii). The City argues Mr. McDonald voluntarily retired because he stopped working and has not continued to look for employment. It further argues that the only evidence submitted that displayed Mr. McDonald wants to continue to work is his own testimony.
Factual findings of an OWC judge are subject to the manifest error standard of review. In order for a reviewing court to reverse an OWC judge's factual findings, it must find that a reasonable factual basis does not exist and the record establishes that the factual findings are clearly wrong. Lafayette Bone & Joint Clinic v. Louisiana United Bus. SIF , 2015-2137 (La. 6/29/16), 194 So.3d 1112 ; Turner v. Chicago Bridge & Iron Co. , 52,167 (La. App. 2 Cir. 6/27/18), 251 So.3d 615, 2018 WL 3131433.
Ultimately, the issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. If the factual findings are reasonable in light of the record reviewed in its entirety, a reviewing court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Stobart v. State through Dep't of Transp. & Dev. , 617 So.2d 880 (La. 1993) ; Turner v. Chicago Bridge & Iron Co., supra. Where two permissible views of the evidence exist, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Id.
SEBs are provided for in La. R.S. 23:1221(3). La. R.S. 23:1221(3)(d)(iii) provides that SEBs will terminate "when the employee retires; however, the period during which supplemental earnings benefits may be payable shall not be less than one hundred four weeks."
An employee's decision to accept early retirement does not necessarily equate to retirement as contemplated by the workers' compensation statute governing entitlement to SEBs. The retirement referred to by La. R.S. 23:1221(3)(d)(iii) is not the failure to work because of disability. Instead, it refers to the worker who has no intention of returning to work regardless of disability. Marshall v. Town of Winnsboro , 50,255 (La. App. 2 Cir. 11/25/15), 184 So.3d 796. Where a worker has retired from a heavy work duty job but is still willing to take on *1289 light duty employment within the scope of the limitations imposed by his disabilities, then that worker is said not to have withdrawn from the workforce and is not considered to have retired under the statute. Peters v. General Motors Corp. , 39,279 (La. App. 2 Cir. 1/26/05), 892 So.2d 717.
Mr. McDonald testified that he intended to fully participate in the DROP program before retiring, but was unable to do so because of his lifting limitations. He applied to the jobs given to him by Ms. Bond, except the fast food jobs. Mr. McDonald stated that he does not hunt and fish as much as he did before the injury.
In finding Mr. McDonald was entitled to SEBs, the OWC judge stated Mr. McDonald's enrollment in the DROP program indicated he intended to continue working and Mr. McDonald demonstrated efforts to take on light duty employment. There were two permissible views of this evidence: either Mr. McDonald had indeed retired from the workforce or, alternatively, Mr. McDonald intended to return to the workforce, but had not secured employment. Therefore, the decision to choose the latter cannot be manifestly erroneous. The OWC court's decision regarding Mr. McDonald's entitlement to SEBs was reasonable and we find no manifest error.
CONCLUSION
For the above reasons, the judgment in favor of Richard McDonald is affirmed. Costs associated with this appeal in the amount of $158.42 are assessed to the appellant, City of Bastrop, in accordance with La. R.S. 13:5112(A).
AFFIRMED.